IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


In re:                                                          Case No.: 16-2272-JCO
CHARLES K. BRELAND,                                             Chapter 11
JR.,
Debtor.

ORDER

　　　　This matter is before the Court on the Debtor In Possession's (alternately referred

to as "Debtor" or "Mr. Breland") Motion to Alter Amend or Vacate Judgment, or In The

Alternative, Motion for New Trial, or In the Further Alternative, For Relief From

Judgment which was filed on May 12, 2017.  (Doc. 408).  Responses in Opposition to the

Motion were filed by the Bankruptcy Administrator, Creditor Levada EF Five, LLC

(hereinafter "Levada"), and Creditor Equity Trust Company, Custodian fbo David E.

Hudgens IRA No. 41458, Hudgens & Associates (hereinafter referred to as "the Hudgens

Creditors" or "Hudgens").  (Docs. 421, 461, 469).  The Chapter 11 Trustee A. Richard

Maples filed a Response adopting the Response briefs filed by Levada and Hudgens.

(Doc. 466).  On June 13, 2017, a hearing was held on the Motion.  Appearances were

noted for the record and this matter was taken under submission at the conclusion of the

hearing.

Factual and Procedural History

　　　　The subject of this Motion is this Court's prior Memorandum Opinion and Order

(Doc. 378), which sets out the factual background of this case in detail.  For that reason, a

factual background of this case and related cases will not be included herein.  The

relevant facts necessary to adjudicate this Motion are set out below.

Previously, the creditors in this case filed motions to dismiss and a motion to appoint a chapter 11 trustee. A three-day hearing was held on these motions. While the Court's ruling was under submission, Debtor filed his own Motion to Dismiss raising the argument that, *inter alia,* the appointment of Chapter 11 trustee is unconstitutional under the Thirteenth Amendment.[1] On April 28, 2017, this Court entered it Memorandum Opinion and Order that cause existed under 11 U.S.C. § 1104 to appoint a Chapter 11 Trustee. On May 2-3, 2017, the Bankruptcy Administrator nominated and the Court approved attorney A. Richard Maples to serve as the appointed Chapter 11 Trustee. (Docs. 386, 391). On May 12, 2017, the Debtor filed the present Motion to Alter, Amend, or Vacate based on the grounds that the Court did not address the constitutionality of the appointment of a Chapter 11 trustee as raised by the Debtor in his post-trial briefing (Doc. 289), and in his Motion to Dismiss. (Doc. 312).

The Debtor argues that the revisions to Chapter 11 of the Code enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 are violative of the Thirteenth Amendment which prohibits involuntary servitude. The BAPCPA revision at issue provides that "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted . . ." are included in the debtor's Chapter 11 bankruptcy estate. 11 U.S.C. § 1115(a)(2). The Debtor argues that the § 1115(a)(2) requirement that post-petition income be pledged to the bankruptcy estate violates the Thirteenth Amendment because once a Chapter 11 trustee is appointed, a debtor-in-possession loses the ability to move to dismiss or convert

---

[1] This argument was first raised in Debtor's post-trial briefing after the hearing on the motions to dismiss and to appoint a Chapter 11 trustee. (Doc. 289).

his Chapter 11 case, which would then force the debtor-in-possession to work for his creditors in breach of his Thirteenth Amendment freedoms.

On May 17, 2017, the BA filed a response to the Debtor's Motion arguing that because a plan has not been confirmed or even proposed by the Debtor or the creditors, an argument that the Thirteenth Amendment has been violated is premature. (Doc. 421 relying on *In re Parvin,* 538 B.R. 96 (Bankr. W.D. Wash. Sept. 14, 2015).

Levada opposes the merits of Debtor's Motion in general on the grounds that the Thirteenth Amendment is not implicated by the trustee's appointment; but also raises two procedural arguments in opposition to Debtor's Motion: that Debtor failed to file his Motion against the May 3, 2017 Order appointing A. Richard Maples as Chapter 11 Trustee, and that Debtor failed to comply with Rule 9005.1 of the Federal Rules of Bankruptcy Procedure when Debtor did not serve the required notice of constitutional question on the Attorney General of the United States.

There is no dispute that the Court's May 3, 2017 Order is the final order on which this Motion and an appeal would be made; however the Debtor orally raised his constitutional argument early and often, and the two Orders are so intertwined that this Court will not allow a discreet procedural issue to be dispositive of the complex issues in raised in this case. Likewise, regarding Levada's Rule 9005.1 argument, subsection (d) provides a safe harbor for such service failures by stating that a movant does not forfeit a constitutional argument where a party fails to properly file and serve the required notice. In light of this safe harbor provision and given the gravitas of this matter, this Court will not refuse to adjudicate Debtor's arguments on procedural grounds.

The Hudgens Creditors filed their response in opposition (Doc. 469), arguing that the Thirteenth Amendment is not implicated by the appointment of a Chapter 11 trustee. To support its position, the Hudgens Creditors point out that the BAPCPA changes to § 1115(a) do not have any bearing on whether the appointment of a trustee in a voluntary Chapter 11 case filed by an individual has the effect of forcing the Debtor into involuntary servitude. (*Id.* at 2).

Mr. Maples, the appointed Chapter 11 Trustee, filed his response adopting the arguments of Levada, the Hudgens Creditors, and the BA. (Doc. 466). On June 12, 2017, the Debtor filed his brief in reply to Levada's arguments. (*See* Doc. 468).

## Conclusions of Law

The present Motion requests relief under Fed. R. Bankr. P. 9023 and 9024 on the grounds that appointing a Chapter 11 Trustee violates the Debtor's freedoms against involuntary servitude protected by Thirteenth Amendment.

Having considered the Motion and responses in opposition thereto, and, having heard oral arguments from counsel for the parties, this Court finds that the Motion to Alter, Amend or Vacate is due to be and hereby is DENIED for the following reasons.

### *Request for Relief Under Rule 9023*

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates and makes applicable Rule 59 of the Federal Rules of Civil Procedure to bankruptcy cases. Rule 59(a)(1)(B) allows the court to, on motion, grant a new trial on all or some of the issues "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Motions to alter or amend may be granted where the moving party shows at least of the three following circumstances: 1) an intervening

change in the law, 2) newly discovered evidence, or 3) to correct clear error or prevent manifest injustice. *In re Strength,* 562 B.R. 799, 804 (Bankr. M.D. Ala. Dec. 21, 2016)(*citing Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010). The decision to alter or amend a judgment is in the sound discretion of the court. *In re Davis*, 2015 WL 2208373, at *2 (Bankr. N.D. Ala. May 8, 2015)*(citing Futures Trading Comm'n v. Am. Commodities Group,* 753 F.2d 862, 866 (11th Cir.1984)).

Mr. Breland's Motion does not allege an intervening change in the law or newly discovered evidence, so he must demonstrate a need to correct clear error or prevent manifest injustice. Beginning with clear error, the Court does not find that clear error exists sufficient to alter, amend or vacate the Order appointing a Chapter 11 trustee. Section 1104(a) of the Bankruptcy Code authorizes a bankruptcy court to appoint a Chapter 11 trustee where cause exists to do so. In deciding whether cause existed to appoint a Chapter 11 trustee, this Court heard testimony over the course of three days, accepted evidence and legal argument, and engaged in the statutory analysis of whether cause existed under the circumstances of this case. The weight of the evidence presented at the hearing was sufficient for this Court to conclude that appointment of a Chapter 11 trustee was warranted. Accordingly, clear error is not present and this Court will not alter, amend, or vacate its Memorandum Opinion and Order on that basis.

Though not specifically stated as so, the Court presumes that it is Debtor's position that a manifest injustice within the meaning of Rule 59 is wrought upon the Debtor by requiring him to remain in bankruptcy under the oversight of this Court and a Chapter 11 trustee in violation of the Thirteenth Amendment. This Court disagrees that a manifest injustice is present on the grounds that the Debtor's constitutional argument is

premature.  Debtor contends that the 2005 revisions of the Code enacted by the

Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA) providing that

under § 1115(a)(2), "earnings from services performed by the debtor after the

commencement of the case but before the case is closed, dismissed or converted. . ." are

included in the debtor's Chapter 11 bankruptcy estate becomes unconstitutional when a

Chapter 11 trustee is appointed because the debtor would lose the authority to request

conversion or dismissal and would be forced to work for his creditors, i.e., involuntary

servitude, in violation of the Thirteenth Amendment.

This Court finds this argument to be premature as no plan of reorganization has

been submitted by the Debtor or any other creditor or party in interest.  Though the

exclusivity period, that period within which only the Debtor may propose a plan of

reorganization, has expired,[2] none of the creditors have proposed a plan in the Debtor's

stead.  11 U.S.C. § 1121.  To rule on the constitutionality of a plan of reorganization that

has not yet been submitted, much less confirmed, would be purely speculative at this

point.  Courts are forbidden from issuing advisory opinions,[3] and as such, one of the

---

[2] No request to extend the exclusivity period has been filed by the Debtor or the Chapter 11 Trustee.

[3] "Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.' Accordingly, to invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Chafin v. Chafin*, 568 U.S. 165, 171–72 (2013)(*citing Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990)).  "Federal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts." *Id.* (quoting *North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam*).  "The 'case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.'" *Id.* (*citing Lewis,* 494 U.S. at 477).

cornerstones on which any court makes a ruling is that a justiciable controversy must exist before time and resources are dedicated to its resolution.

As the bankruptcy court for the Northern District of Georgia stated in *In re Gordon,* "[a] challenge to the constitutionality of a statute is a serious evaluation and not one undertaken lightly." 465 B.R. 683, 695 (Bankr. N.D. Ga. Jan. 24, 2012). "Article III of the Constitution limits the authority of the courts to determining only 'cases and controversies.'" *Id.* (*citing* U.S. Const. Art. III, § 2). "As such, the courts have developed a number of justiciability requirements to insure the judiciary's role is appropriately limited." *Id.* "Throughout the development of constitutional law, the Supreme Court of the United States has crafted justiciability doctrines and canons of statutory interpretation for federal courts to carry out their constitutional and prudential responsibilities." *In re Gordon,* 465 B.R. 683, 695 (Bankr. N.D. Ga. Jan. 24, 2012)(*citing In re Clemente,* 409 B.R. 288 (Bankr. D. N.J. 2009). The doctrines also conserve judicial resources and improve decision-making by providing concrete facts and issues for review. *Id.*

"[O]ne of the justiciability doctrines is ripeness, which seeks to separate matters that are premature for review, because the injury is speculative and never may occur from those cases that are appropriate to be decided at that time. *Id.* "The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Id. (citing Digital Props., Inc. v. City of Plantation,* 121 F.3d 586, 589 (11th Cir.1997)). "In its ripeness evaluation, the Eleventh Circuit 'assess[es] both the fitness of the issues for judicial decision and the hardship to the parties of withholding judicial review.'" *Id. (citing Harrell v. Florida Bar,* 608 F.3d

Case 16-02272   Doc 490   Filed 06/21/17   Entered 06/21/17 16:31:56   Desc Main
Document   Page 7 of 12

1241, 1258 (11th Cir. 2010)). "The question of fitness addresses the finality,

definiteness, and the extent to which resolution of the challenge depends upon facts that

may not yet be sufficiently developed." *Id.* (quoting *Ernst & Young v. Depositors Econ.*

*Prot. Corp.,* 45 F.3d 530, 535 (1st Cir.1995)). "The hardship question addresses the cost

to the complaining party of delaying review until further facts have been developed." *Id.*

"[T]he ripeness doctrine arises 'both from Article III limitations on judicial power and

from prudential reasons for refusing to exercise jurisdiction.' ... Only when a claim is not

ripe within the meaning of Article III does a court lack jurisdiction over the subject

matter." *Id. (citing In re Cassim,* 594 F.3d 432, 437–38 (6th Cir. 2010)). "The prudential

aspect of ripeness allows the court to exercise its discretion to determine if resolution of

the issue should be addressed at that time, given all of the circumstances." *Id.; see also In*

*re Marciano,* 459 B.R. 27, 43 (9th Cir. B.A.P. 2011). The *Gordon* Court further stated,

> The Supreme Court in *U.S. v. Raines,* 362 U.S. 17, 80 S.Ct.
> 519, 4 L.Ed.2d 524 (1960), further stated, In the exercise of
> [Article III] jurisdiction, [the court] is bound by two rules,
> to which it has rigidly adhered: one, never *696 to
> anticipate a question of constitutional law in advance of the
> necessity of deciding it; the other, never to formulate a rule
> of constitutional law broader than is required by the precise
> facts to which it is to be applied.... The delicate power of
> pronouncing an Act of Congress unconstitutional is not to
> be exercised with reference to hypothetical cases thus
> imagined. *Id.* at 21, 80 S.Ct. 519 (citations omitted).
> Further, "[w]hen the validity of an act of the Congress is
> drawn in question, and even if a serious doubt of
> constitutionality is raised, it is a cardinal principle that this
> Court will first ascertain whether a construction of the
> statute is fairly possible by which the question may be
> avoided." *Crowell v. Benson,* 285 U.S. 22, 62, 52 S.Ct. 285,
> 76 L.Ed. 598 (1932).

To date, neither the Debtor-In-Possession nor the Chapter 11 Trustee, nor any

other interested party, has filed a proposed plan of reorganization. With no plan of

reorganization before the Court, it would be mere speculation whether the Debtor would be required to dedicate post-petition earnings to payments of his creditors. Deciding this issue before a plan is confirmed, or even proposed, would require the Court to assume facts not in evidence, some of which are not even in existence at this time. Mr. Breland has not suffered an actual injury, nor is injury imminent based merely on the appointment of a Chapter 11 trustee. Any potential injury to the Debtor would occur only once a plan is confirmed. There is no manifest injustice or hardship to Mr. Breland in requiring he wait to litigate these issues when or if they arise, and a delay in presenting the arguments to a time when the facts are developed is not harmful to Mr. Breland. *Gordon,* 465 B.R. at 698. "[A] statute is not to be declared unconstitutional for all purposes just because someday, somehow, it might be unconstitutional 'as applied' in a particular case." *Id.* at 699 (*citing In re Higginbotham,* 111 B.R. 955, 967 (Bankr. N.D. Okla.1990))*; see also In re Parvin,* 549 B.R. 268, 274 (W.D. Wash. 2016).

Therefore, this Court finds that the Debtor has failed to prove that clear error or manifest injustice exists sufficient to warrant the altering, amending or vacating of this Court's Order under Rule 9023. Accordingly, Debtor's Motion is due to be and hereby is DENIED without prejudice.

*Alternative Request for Relief Under Rule 9024*

Rule 9024 of the Federal Rules of Bankruptcy Procedure makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy cases. Under Rule 60(a), a court may, on motion or on its own, correct a clerical mistake or a mistake arising from an oversight or omission whenever one is found in a judgment or order. "Clerical mistakes correctable under Rule 60(a) are "not limited to errors of commission, in which

Case 16-02272    Doc 490    Filed 06/21/17    Entered 06/21/17 16:31:56    Desc Main
Document    Page 9 of 12

the court's intention on a matter is misstated or stated ambiguously." *In re Maurer*, 271 B.R. 207, 210 n. 12 (Bankr. M.D. Fla. 2002). Rule 60(a) specifically references mistakes arising from "omission." *Id.* The rule allows courts to modify their judgment in order to insure that the record reflects the actual intentions of the court. *Id. (citing In the Matter of West Tex. Marketing Corp.,* 12 F.3d 497, 504 (5th Cir.1994). As stated in *West Texas Marketing,* the court's responsibility in this case is to correct errors, created by mistake, oversight, or omission, that cause the record or judgment to fail to reflect what was intended at the time of trial. *Id. (citing West Texas,* 12 F.3d at 504); *Robi v. Five Platters, Inc.,* 918 F.2d 1439, 1445 (9th Cir.1990) ("[a] district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision").

The entry of this Court's Memorandum Opinion and Order Appointing a Chapter 11 Trustee manifested this Court's intent to deny the concurrently pending motions to dismiss filed by Levada and the Debtor. Though the Debtor presumes that the Court omitted consideration of his constitutional argument, such is not the case. Though not expressly set out, this Court indeed considered the argument and concluded that it was due to be denied at that time, and thus the Memorandum Opinion and Order, when entered, accurately reflected the intent of this Court. As such, no clerical error, mistake, oversight, or omission exists sufficient upon which Rule 9024 via Rule 60(a) relief may be granted.

Under Rule 60(b), a court may provide relief from an order or judgment "on motion and just terms." The movant must prove sufficient evidence to the court of one of

the five specific grounds listed in Rule 60(b)(1)-(5).[4] If the movant is unable to establish

that one of these five grounds is applicable, the movant may attempt to use the catchall

provision of Rule 60(b)(6) by "demonstrat[ing] that the circumstances are sufficiently

extraordinary to warrant relief." *In re Trevino*, 2010 WL 1957206, at *2 (Bankr. N.D.

Ala. May 12, 2010)(*citing Jeffus v. Ray,* Slip Copy, 2010 WL 1795373, at *1 (11th Cir.

2010)). Further, the movant must show that "absent such relief an 'extreme' and

'unexpected' hardship will result." *Trevino,* 2010 WL 1957206, at *2 (*citing Mayberry*

*v. Maroney,* 558 F.2d 1159, 1163 (3d Cir. 1977)(quoting *United States v. Swift & Co.,*

286 U.S. 106, 119 (1932)). Even then, "whether to grant relief is a matter for the . . .

court's sound discretion." *Trevino,* 2010 WL 1957206, at *2 (*citing Cano v. Baker,* 435

F.3d 1337, 1342 (11th Cir. 2006)).

　　　The Court does not find that any of the first five enumerated grounds for relief

under Rule 60(b) are present; therefore, Debtor must establish that sufficiently

extraordinary circumstances exist to justify relief under Rule 60(b)(6). As set out above,

with no plan of reorganization confirmed (or even proposed), Debtor's Thirteenth

Amendment argument is premature and does not present a justiciable controversy at this

---

[4] Rule 60(b) states:
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just
terms, the court may relieve a party or its legal representative from a final judgment,
order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier
judgment that has been reversed or vacated; or applying it prospectively is no longer
equitable; or
(6) any other reason that justifies relief.

Case 16-02272   Doc 490   Filed 06/21/17   Entered 06/21/17 16:31:56   Desc Main
Document   Page 11 of 12

time.  Therefore, Debtor's Motion does not rise to the level of extraordinary circumstance

sufficient upon which Rule 60(b)(6) relief can be granted.

CONCLUSION

Having considered the pending motion and responses, the arguments of the parties

and the record before it, this Court finds that Debtor's Motion to Alter, Amend or Vacate

is due to be and hereby is DENIED without prejudice for the reasons set forth herein.

Dated:  June 21, 2017

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE