IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:                                                                                      Case No.: 16-2272-JCO
Charles K. Breland, Jr.,                                                         Chapter 11
Debtor.

ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the Motion For Court to Reconsider Its Order Approving Employment of Blackburn & Conner, P.C. by Richard A. Maples, Trustee, to Provide Legal Services in Connection with the Prosecution of Civil Action No. 2013-901096 in Baldwin County, Alabama, filed by attorney Fred Killion on behalf of himself. (Doc. 685). The law firm of Blackburn & Conner, P.C., as counsel for Debtor Charles K. Breland and with the consent of the Chapter 11 Trustee, filed its Response in Opposition to said Motion. (Doc. 719). Having considered the Motion, Response in Opposition, the record *in toto,* and the applicable law, this Court finds that oral argument is unnecessary, and the Motion to Reconsider is due to be and hereby is DENIED.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), and the Court has authority to enter a final order.

FACTS AND PROCEEDINGS

Mr. Killion, an attorney, filed the present Motion *pro se,* suggesting to this Court that a conflict of interest exists with the firm of Blackburn & Conner, P.C. being employed to represent the interest of the Trustee in pursuing the prosecution of the civil action pending in the Baldwin County Circuit Court, styled *Breland, et al. v. City of Fairhope,* Civil Action No. 2013-901096. (Doc. 685 at 1). Mr. Killion owns real property adjacent to certain property of Debtor. On that

property Debtor is attempting to fill approximately 10.49 acres of wetlands for the development of a subdivision.  Mr. Killion states that his interest and the interest of other surrounding property owners will be adversely affected by such activity, and that Debtor does not have the right to proceed with the wetland filling because he has not complied with various permitting requirements in relation to the filling.  The Motion sets out in detail many of the prerequisite permitting issues that Mr. Killion believes are lacking regarding the development; however this Court does not find those permitting issues to be relevant to the resolution of the alleged conflict of interest and thus will not address them herein.

It is undisputed that the law firm of Blackburn & Conner, P.C. (hereinafter "Blackburn") serves as general counsel for the Baldwin County Commission, and that pursuant to this Court's Order dated August 18, 2017, (Doc. 613), Blackburn represents the estate in connection with the prosecution of the civil action styled *Charles K. Breland, et al. v. City of Fairhope,* Civil Action No. 2013-901096 (hereinafter "the Action").

Mr. Killion contends that the Baldwin County Commission's interests are aligned with the City of Fairhope, the defendant in the Action, based on a "partnered relationship" regarding subdivisions constructed within the extra-territorial jurisdiction of Fairhope within the confines of Baldwin County, thereby potentially placing Blackburn in the position of representing two clients in the same litigation whose interests are adverse to one another in violation of Rule 1.7 of the Alabama Rules of Professional Conduct.

Blackburn's response contends that the estate's interests in the Action and Baldwin County's interests in the Action are not "directly adverse" because Baldwin County is not a party to the Action and the requests for relief in the Complaint would not call for any action by Baldwin County since the City of Fairhope regulates subdivision approval where the property is

located. Blackburn also contends that Mr. Killion lacks standing to raise this alleged conflict of interest on the grounds that he is not within the class of persons allowed to raise the conflict as set out in Rule 1.7 of the Alabama Rules of Professional Conduct.

CONCLUSIONS OF LAW

A plain reading of Rule 1.7 resolves the issues raised in the Motion to Reconsider. Rule 1.7 of the Alabama Rules of Professional Conduct states,

> **(a)** A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> (2) each client consents after consultation.
>
> **(b)** A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

AL. R. Prof. Conduct 1.7.

*Standing*

This Rule places the onus of conflict determination on the attorney and his client, prohibiting outsiders from interloping in the attorney-client relationship. "At a minimum, a party seeking disqualification for the conflict addressed in Rule 1.7 must demonstrate (1) that it is a current client of the lawyer whose representation is challenged, and (2) that the party's interests "conflict" with the interests of the other client, or with the interests of the lawyer." *Ex parte Tiffin*, 879 So. 2d 1160, 1165 (Ala. 2003) (*citing Ex parte AmSouth Bank*, N.A., 589 So. 2d 715, 718 (Ala.1991)). The *Tiffin* Court continued:

> Ordinarily, therefore, a stranger to the attorney-client relationship lacks standing to assert a conflict of interest in that relationship . . . In other words, as a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the [current or] former *client* moves for disqualification.

*Tiffin*, 879 So. 2d at 1165 (emphasis in original). The U.S. District Court for the Middle District of Alabama reached the same conclusion, stating, "Alabama law disfavors the disqualification of an attorney for a conflict of interest when anyone other than the former or current client raises the issue." *Doe v. Lee*, 178 F. Supp. 2d 1239, 1242 (M.D. Ala. 2001) (*citing Riley v. Bradley*, 41 So. 2d 641 (Ala. 1948); *and Lowe v. Graves*, 404 So. 2d 652 (Ala. 1981)). In *Riley* the Alabama Supreme Court ruled, "The principle seems to be fully established that only a party who sustains the relation to client to an attorney, who undertakes to represent conflicting interests, may be entitled to object to such representation for that reason alone." *Riley*, 41 So. 2d at 644.

Alabama's federal District Courts have exercised great scrutiny when considering conflict challenges presented by strangers to the attorney-client relationship, especially when those strangers appear to be motivated by perverse incentives:

> An important rationale for this disapproval is the possibility that counsel may allege a conflict of interest in order to harass the other side or delay the litigation. This rationale was expressed by the former Fifth Circuit in *Yarn Processing* and relied on by the Alabama Supreme Court in *Lowe*, which cited the Fifth Circuit's reluctance to permit the opposing party to act as a "surrogate" to "champion the rights of the former client . . . where the party receiving such an advantage has no right of his own which is invaded." *Lowe*, 404 So.2d at 653–654.

*Doe v. Lee*, 178 F. Supp. 2d at 1243. Yet another of Alabama's federal courts offered the same caution, stating, "because a motion for disqualification is such a 'potent weapon' and 'can be misused as a technique of harassment,' the court must exercise extreme caution in considering it

to be sure it is not being used to harass the attorney sought to be disqualified, or the party he represents." *In re Employment Discrimination Litig. Against Alabama*, 453 F. Supp. 2d 1323, 1332 (M.D. Ala. 2001). *See also Developments in the Law: Conflict of Interest in the Legal Profession*, 94 Harv. L. Rev. 1244, 1285 (1981) ("Lawyers have discovered that disqualifying counsel is a successful trial strategy, capable of creating delay, harassment, additional expense, and perhaps even resulting in the withdrawal of a dangerously competent counsel.").

Mr. Killion is not a former or current client of Blackburn, and thus does not fall within the designated class of persons under Rule 1.7 to raise this conflict of interest. Furthermore, Blackburn affirmatively states that it has consulted with Mr. Breland as the Debtor in this case, the Bankruptcy Estate through the Chapter 11 Trustee, and Baldwin County, and none of them have identified any conflict of interest regarding Blackburn's representation of the estate in the Action. Therefore, Mr. Killion lacks standing to raise this conflict, and even so, the relevant parties have assessed the relationships in question and determined that no conflict exists.

*Directly Adverse*

Rule 1.7 affirmatively states that a lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless the lawyer reasonably believes the representation will not adversely affect the relationship with the other client and each client consents after consultation.

Even if Mr. Killion had standing to raise this conflict, his Motion is due to be denied because, under Rule 1.7, the interests of the estate are not directly adverse to those of Baldwin County within the meaning of the rule. First, it is relevant that Baldwin County is not a party to the Action. Second, the Motion attempts to align the interests of Baldwin County with the City of Fairhope—the only named defendant in the Action—on the basis that they have a "partnered

5

relationship." The Motion states that even though Baldwin County "may not be named as a party defendant, . . . it's [sic] position is the same as Fairhope in opposing Breland' [sic] subdivision including the fill of wetlands; thus the same lawyer cannot represent such opposing conflicting interests. . . ." (Doc. 685 at 7).

There is neither evidence nor any assertion in the record, and this Court will not impute such upon them, that the City of Fairhope and Baldwin County are aligned because of a "partnered relationship" in the Action. Baldwin County is not a party to the Action, and party status will not be inferred upon it based on a "partnered relationship." The Court has not been provided with and is generally unaware of any legal definition for, or effect of, a "partnered relationship" and will not assume that it exists sufficient upon which a conflict of interest may arise where Blackburn represents the estate and Baldwin County.

Lastly, as a non-party to the Action, Baldwin County's interests cannot be directly adverse to the interests of the estate.

## CONCLUSION

Accordingly, for the reasons set out above, this Court finds that Mr. Killion does not have standing to assert a conflict of interest under Rule 1.7, and Baldwin County's interests as represented by Blackburn are not directly adverse to the interests of the estate as represented by Blackburn. Therefore, the Motion to Reconsider is due to be and hereby is DENIED.

Dated: October 16, 2017

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE

6
Case 16-02272    Doc 745    Filed 10/16/17    Entered 10/17/17 08:17:35    Desc Main
Document    Page 6 of 6