IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No.: 16-2272-JCO |
| CHARLES K. BRELAND, JR., | Chapter 11 |
| Debtor. | |

## ORDER

This matter came before the Court on Debtor's Motion for Entry of a Stay Limiting the Authority of the Chapter 11 Trustee Pending Appeal Pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure. (Doc. 569). Responding in opposition thereto is the Chapter 11 Trustee, A. Richard Maples, (Doc. 575), the Bankruptcy Administrator, Mark Zimlich, (Doc. 580), Creditor Levada EF Five, LLC, (Doc. 582), Creditor United States of America, (Doc. 585), and Creditor Equity Trust Company, Custodian fbo David E. Hudgens IRA No. 41458, Hudgens & Associates, LLC, (Doc. 731).

On July 5, 2017, the Debtor appealed this Court's order appointing a Chapter 11 trustee on the grounds that doing so in an individual Chapter 11 case violates the Thirteenth Amendment of the United States Constitution. Debtor requests this stay on the grounds that appellate reversal of this Court's order of appointment of a Chapter 11 trustee will result in the trustee never having had authority to enter into estate transactions as a trustee in the Debtor's case. Because of this potential reversal of authority, Debtor requests that the trustee be prohibited from entering into "any transactions regarding settlements with creditors in the case or with respect to sales of significant assets without the prior written consent of the Debtor." (Doc. 569 at 2).

On October 17, 2017, a hearing was held on the Motion and responses. Having considered the record *in toto,* the Motion and responses, the arguments of the parties and the

applicable law, this Court finds the Motion is due to be and hereby is DENIED for the following reasons.

## DISCUSSION

Debtor's Motion requests a stay pending appeal pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure. Rule 8007(a)(1) states in pertinent part: "Ordinarily, a party must move first in the bankruptcy court for the following relief: (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal; . . . ."

*Jurisdiction*

"The filing of a proper notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case involved in the appeal." *In re Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008) (*citing Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). "Nevertheless, Rule 8007(e) of the Federal Rules of Bankruptcy Procedure permits a bankruptcy court, in its discretion, to suspend or order the continuation of other proceedings in the case or issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in interest." *In re Patterson*, 2016 WL 4919947, at *1 (Bankr. N.D. Ga. Sept. 2, 2016). Therefore, this Court has jurisdiction pursuant to Rule 8007(e), 28 U.S.C. §§ 1334 and 157, and the District Court's Standing Order of Reference dated August 25, 2015 to consider and resolve the pending Motion.

*Analysis*

The granting of a motion to stay pending appeal is an "exceptional response granted only upon a showing of four factors: 1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer

no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). The movant, who has the burden of proof, must show satisfactory evidence on all four criteria and the failure to satisfy one element is fatal to the motion. *In re Bilzerian,* 264 B.R. 726, 729 (Bankr. M.D. Fla. June 28, 2001).

Factor One: Likelihood of Success on the Merits on Appeal

The standard for a likelihood of success on the merits is "a substantial or strong case on appeal." *In re Holman,* 2017 WL 3025929, at *3 (Bankr. D. Kan. July 14, 2017). It is not enough that the likelihood is "better than negligible" or a mere "possibility;" it must be substantial. *Id.* Debtor asserts that this Court should "balance the interests of both the Debtor and the creditors given the substantial likelihood that the Chapter 11 Trustee's authority will be retroactively lost, rendering any such major transaction *ultra vires*." (Doc. 569 at 3). Debtor asserts that this balancing of interests makes good sense, "legally and practically," and thus a stay on the Trustee's authority absent Debtor's consent is warranted. (*Id.* at 2). Though the Debtor used the word, "substantial," the Motion does not flesh out why he believes success on the merits is strong or substantial. At the hearing on the Motion, Debtor asserted that even though this Court concluded that his Thirteenth Amendment arguments were not ripe because a plan has not been confirmed, his position is that the issue *is* ripe because his post-petition income became property of the estate when he filed bankruptcy thereby implicating the Thirteenth Amendment. This Court agrees that Debtor's post-petition income is property of the estate. However, this Court notes, and the Debtor has repeatedly argued, that his post-petition income will not likely be used by the Trustee to repay creditors because Debtor is admittedly solvent. His schedules reflect only minimal income thereby lending support to his own arguments that

this case is a liquidation case wherein assets of the estate will be liquidated to pay his creditors in full (Docs. 122 at 8-9; 314 at 20), thus negating any of the potential harms asserted in his Thirteenth Amendment argument.

Therefore, with no legal or factual support sufficient to demonstrate that Debtor has a substantial likelihood of success on the merits on appeal, and given Debtor's own admission that a liquidation plan is most likely to be proposed, this Court finds that Debtor has failed to carry his burden on the first factor.

### Factor Two: Irreparable Damage to Movant

Debtor argues that because he has standing in the case pursuant to 11 U.S.C. § 1109(b), and because he is also the beneficiary of a fiduciary obligation of the Trustee to him, the Trustee should be required to obtain his written consent prior to conducting or presenting any estate transaction to this Court for approval. (*Id.* at 4).

To accept this argument would allow the Debtor to usurp this Court's authority to approve those estate transactions presented by the Trustee as required by the Bankruptcy Code. Furthermore, to require the Trustee to obtain Debtor's written consent prior to entering into any estate transaction would be extrajudicial, thereby rendering the Trustee's authority moot. Lastly, this Court has Congressional authority and a statutory duty to oversee the Trustee in the management of Debtor's estate. Said duties are not taken lightly by this Court and the Court must balance the equities and apply relevant law in approving or disapproving any estate transaction proposed by the Trustee. This Court is unconvinced the Debtor would use the same standard. The Debtor has failed to prove how he will be irreparably harmed by the Trustee's actions when Congressional and constitutional due process safeguards are in place through the Bankruptcy Code and United States Constitution to protect him from any such alleged abuse of

authority. *See e.g.,* 11 U.S.C. §§ 363, 1109(b); Fed. R. Bankr. P. 9014, 7004; U.S.Const. amend. XIV, § 1; *Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306, 314 (1950).

Factor Three: Substantial Harm to Adverse Parties

For the third factor, Debtor must prove that adverse parties will not be substantially harmed by entry of a stay. Prior to the Trustee being appointed, this case had ground to a halt. The Debtor as debtor-in-possession was behaving elusively and had failed to comply with this Court's orders. Because Debtor has asserted from the inception of this case that his estate is solvent but illiquid, and that a liquidation plan would eventually be proposed to pay all creditors in full, (Docs. 122 at 8-9; 314 at 20), this Court finds that halting the administration of Debtor's estate pending appeal would harm adverse parties. Even worse, requiring the Trustee to obtain Debtor's written consent on all potential estate transactions would allow the Debtor veto power over the Trustee's efforts, and would send this case back into the quagmire from which it was extracted when the Trustee was appointed.

Factor Four: Public Interest

Given that Debtor failed to meet his burden on all of the other factors, discussion of public interest is not necessary. However, while comity may sometimes dictate a stay pending appeal, a stay is nonetheless an extraordinary remedy, which is not necessary here. This Court thusly finds judicial economy, the interests of justice and the timely and efficient administration of the estate—regardless of the pending appeal—will serve that public interest.

## CONCLUSION

Based on the forgoing analysis, and, given that neither the law nor the facts support the relief requested, this Court finds that the Debtor's Motion is due to be and hereby is DENIED.

Dated: October 25, 2017

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE