IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:  
Charles K. Breland, Jr.,  
Debtor.

Case No.: 16-2272-JCO  
Chapter 11

MEMORANDUM OPINION AND ORDER

This matter came before the Court for a hearing on January 30, 2018, on creditor Crimson Portfolio, LLC's (hereinafter "Crimson") and Adams and Reese, LLP's (hereinafter "A&R") (altogether, "Movants") Joint Motion for Amendment of Order and Appointment of Unsecured Creditors' Committee. (Docs. 601, 603, 604, 886, 887). The Internal Revenue Service (hereinafter "I.R.S.") filed an objection to the Motion, in which the appointed Chapter 11 Trustee joined. (Docs. 610, 889). This is a contested matter pursuant to Fed. R. Bankr. P. 9014. Notice was given and a hearing was held on the Motion and Objections. The Court has considered the Motions and Objections thereto, the arguments of the parties and the record in sum and concludes that the request is due to be and hereby is DENIED at this time.

JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has authority to enter a final order.

FINDINGS OF FACT

The Debtor filed his voluntary Chapter 11 petition on July 8, 2016. In accordance with his statutory duties under section 1102 of the Bankruptcy Code, the Bankruptcy Administrator[1]

---

[1] In Alabama, the Bankruptcy Administrator is the functional equivalent of the United States trustee, and the B.A. assumes the duties of the trustee as required by the Code. *See In re JNL Funding Corp.,* 438 B.R. 356, n. 6 (Bankr. E.D.N.Y. Oct. 28, 2010).

(hereinafter "the B.A."), sent written notice to the unsecured creditors listed on the Debtor's schedules regarding the appointment of a creditor's committee. The notice solicited responses regarding whether those noticed were interested in serving on such a committee. Having received no accepting responses, the B.A. did not appoint a committee, and notified the Court of such. On August 9, 2016, this Court entered an Order declining to appoint an unsecured creditors' committee. (Doc. 38). That Order included the directive: "It is ORDERED that no Creditors' Committee be appointed in the above captioned Chapter 11 case."

Over the course of three days in late 2016, this Court held hearings on various motions to dismiss and/or to appoint a Chapter 11 trustee during which many exhibits were admitted into evidence and testimony was taken from multiple witnesses on whether cause existed to appoint a Chapter 11 trustee. On April 28, 2017, having considered the evidence, testimony and record before it, this Court entered a Memorandum Opinion and Order granting the Motion to Appoint a Trustee finding that, under 11 U.S.C. § 1104(a), cause existed to appoint a Chapter 11 trustee, and that it was in the interests of the creditors to do so. (See Doc. 378 Memorandum Opinion and Order). On May 3, 2017, this Court approved the appointment of A. Richard Maples as Chapter 11 Trustee.

Also in May of 2017, Crimson acquired an unsecured pre-petition claim against the Debtor from the law firm of Hutto & Bodiford, thereby becoming an unsecured creditor in this Chapter 11 case. On August 14, 2017, Crimson filed its proof of claim in the amount of $7,103.44. (Claim 14-1). To date, there are 16 claims filed in this case. Two creditors, A&R and the Baldwin County Revenue Commissioner filed multiple proofs of claim, leaving only eight creditors who filed unsecured claims, including the I.R.S. Of those eight creditors, five are law firms who have performed legal services for the Debtor and filed claims on that basis.

Crimson's claim is included in this group of five because the basis of the claim it purchased are the legal services provided by Hutto & Bodiford.

On August 16, 2017, Crimson contacted the B.A. to request the appointment of an unsecured creditors' committee. The B.A. declined the request on the basis that he did not have authority, due to the Court's prior order, to appoint a committee. Until this point, none of this group of five unsecured creditors had participated in this case.

Crimson filed this Motion on the basis that "multiple developments and changes in circumstances" have occurred in this case, (Doc. 601 at 3), including a "myriad of motions to dismiss or appoint a trustee, fraud allegations, revolving debtor's counsel, and multiple amended disclosures . . . [which have] effectively eliminated any reasonable prospect for the Debtor's timely exit from bankruptcy." (Doc. 887 at 2-3). Based on these allegations, Movants assert that the appointment of an unsecured creditors' committee would be in the the best interest of the unsecured creditors and that appointment of a committee is necessary to ensure adequate representation of the unsecured creditors. (Doc. 601 at 3). Movants also contend that such a committee would assist the Trustee in moving the case forward and could help facilitate resolution of the case in general. (*Id.*).

The I.R.S. filed its objection in opposition to the Joint Motion on the grounds that a committee is not necessary due to this Court's appointment of a Chapter 11 Trustee. The I.R.S. highlighted the impracticality of appointing such a committee as it would serve a duplicate purpose and incur additional fees and expenses which the Estate would be forced to pay.

The Chapter 11 Trustee, in joining the I.R.S.'s objection, orally argued that his section 1104 duties encompass a fiduciary duty to the Estate and to the creditors, including the unsecured creditors. The Trustee also argued that this request is merely a tactic by the Movants

to receive payment for their claims from the Estate instead of through the plan under the statutory priority scheme.

Having considered the Motion and responses, the arguments of the parties and the record before it, this Court agrees with the I.R.S. and the Trustee, and finds their objections are due to be SUSTAINED for the following reasons.

## CONCLUSIONS OF LAW

### Standard of Review

Under section 1102(a)(1) of the Bankruptcy Code, the United States trustee is required to appoint a committee to represent the unsecured creditors in chapter 11 cases. The appointment of a creditors' committee under section 1102(a) is an administrative function performed by the United States trustee, not a judicial one; however, a bankruptcy court may review a trustee's actions with respect to appointment of a committee under section 105 of the Bankruptcy Code under an arbitrary and capricious standard. *In re JNL Funding Funding Corp.,* 438 B.R. 356, 360 (Bankr. E.D.N.Y. Oct. 28, 2010). "A decision is not 'arbitrary and capricious' unless it is based on an erroneous conclusion of law, a record devoid of evidence on which the decision maker could rationally have based its decision, or is otherwise patently unreasonable, arbitrary or fanciful." *In re Barney's, Inc.,* 197 B.R. 431, 439 (Bankr. S.D.N.Y. 1996) (*citing Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1022 (D.C. Cir. 1986)); *see also State of N.Y. Dep't of Soc. Servs. v. Shalala,* 21 F.3d 485, 491 (2d Cir. 1994) (in determining whether agency has acted arbitrarily and capriciously, court may not substitute its judgment for that of agency but must determine whether agency's decision was based on consideration of relevant factors and whether there has been clear error of judgment). Movants must present "substantial evidence" that the B.A. acted "arbitrarily and capriciously" in not appointing a committee at Movants'

request. *In re Barney's, Inc.* at 439. Furthermore, even though prior amendments to section 1102 removed the power of committee-appointment from the courts and bestowed that power upon the U.S. trustee, "one should not conclude that Congress had any intention to exclude the court from [changing the] committee membership for appropriate reasons." *Id.* (*citing In re Plabell Rubber Prods.,* 140 B.R. 179, 180 (Bankr. N.D. Ohio 1992) (citation omitted).

Here, this Court has been asked to review the B.A.'s refusal of Crimson's request to appoint a committee. Because there must be an ability to resort to the court where an objection has been unsuccessfully raised regarding the B.A.'s action or inaction related to a committee or composition, this Court will utilize its section 105 powers to review the B.A.'s actions and will apply the arbitrary and capricious standard as set out above. *Id.; see also, In re Lykes Bros. S.S. Co., Inc.,* 200 B.R. 933 (M.D. Fla. 1996); *In re Mercury Fin. Co.,* 240 B.R. 270 (N.D. Ill. 1999).

Section 1102 and The B.A.'s Duty to Appoint

Section 1102(a)(1) of the Bankruptcy Code states that "as soon as practicable after the order for relief," the United States trustee "shall appoint a committee of creditors holding unsecured claims. . . ." 11 U.S.C. § 1102(a)(1). Applying the plain language of the statute, the Court agrees with Movants that there is little room for doubt that the B.A. "shall" appoint a committee. As long as there are creditors who hold unsecured claims and are willing to serve on a committee of unsecured claimants, the B.A. is required to appoint a committee to represent such claimants. *See* 5 Collier on Bankruptcy 1102.01 at 1102-4.

There is no dispute that the B.A. indeed performed his duties in soliciting participation of a committee. At that time, there were no creditors interested in serving, thus, no committee was appointed, and this Court entered an order that no committee would be appointed. Now, approximately one year later, Movants request that the B.A. once again perform this statutory

5

duty and appoint a committee of unsecured creditors. This late request requires the Court to address the questions of whether the B.A.'s duty to appoint still exists. If the duty does not exist, when did it expire? If it does exist, may the B.A., given this Court's prior order, appoint a committee without Court permission?

To answer this question, this Court turned first to the statute itself, only to find these questions unanswered. Therefore, it appears these are matters of first impression. Other than stating that the B.A. must appoint "as soon as practicable," the statute itself does not set an express deadline within which the duty to appoint expires, nor does it indicate that any action or inaction by the B.A. or otherwise would cause the duty to necessarily lapse. There is likewise no case law on point addressing the status of the B.A.'s duty at this juncture. Thus, the Court must resort to general rules of statutory interpretation to determine this question of law.

"The cardinal canon of statutory interpretation is that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *In re Hock*, 571 B.R. 891, 894 (Bankr. S.D. Fla. 2017) (*citing U.S. v. Aldrich,* 566 F.3d 976, 978 (11th Cir. 2009) (*quoting Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992) (quotation marks omitted)). "The starting point of statutory interpretation must always be the language of the statute itself." *Hock* at 894 (*citing Randall v. Loftsgaarden,* 478 U.S. 647, 656 (1986)). "When examining the language of the statute itself, the Court's task is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Hock* at 894 (*citing Med. Transp. Mgmt. Corp. v. Comm'r of I.R.S.,* 506 F.3d 1364, 1368 (11th Cir. 2007) (*quoting Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997) (quotation marks omitted)). If the language is plain and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241 (1989)

(citations omitted). "If the statutory language is ambiguous, the Court may look to the legislative history and documented purpose of the statute." *Hock* at 895 (*citing In re Kaplan,* 331 B.R. 483, 486 (Bankr. S.D. Fla. 2005)). "Because the legislature is presumed to act with sensible and reasonable purpose, a statute should, if at all possible, be read so as to avoid an unjust or absurd conclusion." *In re Robinson*, 535 B.R. 437, 445 (Bankr. N.D. Ga. 2015) (*citing In re Graupner,* 537 F.3d 1295, 1302 11th Cir. 2008) (internal quotation marks omitted)).

Beginning with the question of whether the B.A.'s duty to appoint still exists, the Court finds that it does. Until a plan is confirmed, the B.A.'s duty to ensure that the unsecured creditor body is adequately represented is ongoing. *See In re New Century TRS Holding, Inc.,* 2013 WL 5377962 at *4 (Bankr. D. Del. Sept. 26, 2013) (collecting cases). However, to interpret the statute to require the B.A., after no response to his initial inquiry, to continually attempt to form a committee in every chapter 11 case until a plan is confirmed would be an exercise in futility and outside the spirit of section 1102. Such an interpretation would in fact be the very definition of an absurd result. Thus, this Court believes that the most reasonable approach is a finding that its order stating that no committee would be appointed merely suspends the ongoing duty until a party in interest requests that a committee be appointed.

Even though the B.A.'s duty is now suspended by court order, Movants assert the position that the B.A. does not need court permission to appoint a committee once there becomes an interest in participating. This Court disagrees with Movants, and finds that the B.A. must seek Court permission to appoint a committee, since, in addition to this Court's directive ordering that no committee would be appointed, Congress never intended to insulate B.A.'s administrative actions from review by a bankruptcy court. *See In re Mercury Finance, Inc.,* 240 B.R. 270, 277. Therefore, this Court finds that the B.A.'s refusal to appoint a committee absent

court permission was not arbitrary and capricious. However, where the B.A. has performed his duties but no committee has been appointed, a creditor who wishes to form a creditors' committee is not foreclosed from petitioning the court simply because the B.A.'s duties are suspended. Such a foreclosure imposes a reading of section 1102 that does comport with the spirit of the Code, and creates an absurd result. *See In re Barney's, Inc.,* 197 B.R. 431, 439 (S.D.N.Y. 1996) (*citing In re Plabell Rubber Prods.,* 140 B.R. 179, 180) (where a request to the U.S. trustee to change the membership of a committee fails, or if there is an objection to the act of the U.S. trustee, there must be an ability to resort to the court; absent very specific and direct language, one should not conclude that Congress had any intention to exclude the court from those able to change committee membership for appropriate reasons)); *see also* 11 U.S.C. § 1109(b).

Based on this Court's finding, that, under these facts, Court permission to appoint a committee must be sought, and that this Court has jurisdiction to hear such a request, the Court now considers the merits of Movants' request.

Necessity

Section 105 of the Bankruptcy Code provides bankruptcy courts with the power to issue any "order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code. 11 U.S.C. § 105(a). This Court believes that where a court order has been entered that no committee shall be appointed, section 105 gives this Court the authority to deny a creditor's later request to appoint a committee based on the lack of necessity of such a committee.

An unsecured creditors' committee operates as a representative voice for the unsecured creditors in a chapter 11 case. The committee's role is always one of convenience and efficiency. *In re Pacific Ave., LLC,* 467 B.R. 868, 870 (W.D. N.C. Jan. 26, 2012). However,

where a chapter 11 trustee is appointed, the necessity for such a representative committee generally no longer exists. *Id.* Because the "[t]rustee has a statutory fiduciary duty to the same unsecured creditors" that a committee would have, allowing a committee to be appointed after a trustee has been appointed would be duplicative and unnecessary. *Id.* "It is worth noting that an unsecured committee is not provided for in Chapter 7 liquidation cases—because of the presence of the Trustee in such cases." *Id.* The appointment of a chapter 11 trustee renders the appointment of a committee unnecessary to the fair and orderly administration of the estate. The cost of another team of professionals to represent the committee is impractical and is not cost effective.

At the hearing of these matters, no evidence was presented that the rights and interests of the unsecured creditors were being inadequately represented by the Trustee. Unless and until Movants present the Court with sufficient evidence that Mr. Maples has not or is not upholding his statutory fiduciary duty to the unsecured creditors, no committee shall be appointed. To ensure that Movants are not denied future due process on this issue, this Memorandum Opinion and Order is entered without prejudice. Movants are hereby entitled to renew their request for relief if sufficient evidence can be presented that their interests are not being fairly and adequately represented by the Trustee.

## CONCLUSION

Having considered the Motions and Objections thereto, the arguments of the parties, and the record in sum, this Court finds that the Objections by the I.R.S. and the Chapter 11 Trustee,

A. Richard Maples, are due to be SUSTAINED and the Movant's Motion is hereby DENIED without prejudice, with no unsecured creditors' committee being appointed at this time.

Dated: March 15, 2018

_____
JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE