In THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| In re: | * | |
|---|---|---|
| | * | Case No.: 16-2272-JCO |
| CHARLES K. BRELAND JR., | * | |
| | * | Chapter 11 |
| | * | |
| Debtor. | * | |
| | * | |

**<u>MEMORANDUM OPINION AND ORDER DENYING MOTION TO STAY</u>**

This matter came before the Court on the Motion of the Debtor, Charles K. Breland Jr. ("Breland") to stay all proceedings (doc. 2006) in the above-referenced bankruptcy as well as the related adversary proceedings ("Motion") pursuant to 11 U.S.C. §105(a) pending a determination of the constitutional issue currently on appeal. Responses in opposition were filed by the Bankruptcy Administrator, Mark Zimlich (doc.2037); Equity Trust Company, Custodian fbo David E. Hudgens IRA No. 41458, Hudgens & Associates, LLC (doc. 2060); Levada EF Five, LLC, (doc. 2064); The United States (doc. 2068) and the Chapter 11 Trustee, A. Richard Maples. (Doc. 2070).

This Court previously appointed a Chapter 11 Trustee based upon Breland's violations of his fiduciary duties as a debtor in possession including but not limited to: fraud, dishonesty, gross mismanagement, misconduct, self-dealing, pre-petition voidable preferences and fraudulent transfers. (Doc. 379). On July 5, 2017, Breland appealed contending the appointment of a Trustee in an individual Chapter 11 case violates the Thirteenth Amendment of the United States Constitution. On appeal, the United States District for the Southern District of Alabama ("District

Court") held that Breland lacked standing to raise a Thirteenth Amendment challenge. *In re Charles K. Breland, Jr.*, Case No.1:17-cv-00312-JB, ECF Doc.29. Breland thereafter appealed to the 11th Circuit Court of Appeals which found he has standing and remanded the matter to the District Court for a decision on the merits. *In re Charles K. Breland, Jr.*, Case No.19-14321, March 10, 2021. The 11th Circuit Opinion denoted skepticism of Breland's Thirteenth Amendment challenge and indicated that although the Court was tempted to address the merits, it was unable to do so because rejection of Breland's claim would constitute a dismissal with prejudice and thereby alter the District Court's judgment. *Id.* As of the preparation of this Order, the District Court has not yet entered an order on the remand.

Breland previously requested a stay in 2017 ("Prior Motion to Stay") to limit the Trustee's authority during the pendency of his appeal. (Doc. 569). This Court entered an Order denying such request ("2017 Order"). (Doc. 768). The 2017 Order explained that: (1) Breland failed to demonstrate sufficient legal or factual evidence to show a substantial likelihood of success on the merits; (2) due to the Congressional and Constitutional safeguards in place, Breland would not be irreparably harmed by continued administration of the Chapter 11; (3) based upon the projected solvency of the Estate and expectation of a liquidation plan to pay creditors in full, halting the administration pending appeal would harm adverse parties and (4) the timely and efficient administration of the estate would best serve the public interest. (Doc. 768).

Subsequent to the Eleventh's Circuit's decision on standing, Breland again seeks a stay although now under §105(a) of the Bankruptcy Code. This Court heard arguments on Breland's second Motion to stay April 27, 2020. No testimony was offered by the Debtor in the course of the hearing; however, it came to light that Breland had retained counsel in related BP Oil Spill litigation, entered into settlements and accepted at least one payment on those litigation claims

during the pendency of his appeal without disclosure to the Trustee or court approval. Further, the Trustee indicated that estate income from an CKB Mineola, LLC which has heretofore facilitated payment of the Debtor's ongoing stipend, living expenses and administrative costs in the case will soon cease. Having considered the record, pleadings and arguments of counsel this Court finds the Debtor's Motion is due to be and hereby is DENIED for the following reasons.

## JURISDICTION

This Court has jurisdiction pursuant to Rule 8007(e), 28 U.S.C. §§ 1334 and 157, and the District Court's Standing Order of Reference dated August 25, 2015 to consider and resolve the pending Motion.

## ANALYSIS

### The Debtor Is Not Entitled To The Equitable Relief Sought

Section §105(a) of the Bankruptcy Code provides in pertinent part, " [t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. . . ." 11 U.S. C. §105(a). Such section codifies the Court's equitable powers. *In re Clark*, 543 B.R. 16, 25 (Bankr. D. Idaho 2015). "[T]he cornerstone of the bankruptcy courts has always been the doing of equity." *In re Waldron*, 785 F.2d 936, 941 (11th Cir.1986). Equitable powers are "circumscribed in a very important respect: a bankruptcy court is not to apply its equitable powers unless the party to be benefitted has acted in a manner that is entirely consistent with basic principles of equity jurisprudence." *In re Dodd*, 276 B.R. 817, 820 (Bankr.N.D.Ohio 2001). This is commonly referred to as the "clean hands" doctrine. In order to trigger application of the "clean hands" doctrine, one's misconduct need not necessarily have been of such a nature as to be punishable as a crime or to justify legal proceedings of any character; any willful act which

concerns the cause of action and which rightfully can be said to transgress equitable standards is sufficient cause to invoke the doctrine. *Id.*

This Court found it necessary to appoint a Chapter 11 Trustee in 2017 due to questionable activities of the Debtor as set forth above.(Doc. 379). Breland has not challenged the factual basis for such appointment. Further, upon consideration of Breland's recent transgressions in pursuing claims, negotiating settlements and even accepting funds without disclosure to the Trustee or Court approval, the Court finds that Breland has continued to conduct himself in a manner inconsistent with the duties of a bankrupt debtor and basic principles of equity even in the midst of his appellate efforts to declare the Trustee appointment unconstitutional. Breland's unscrupulous activities reveal a lack of respect for the Court as well a lack of appreciation or understanding of the serious nature of his transgressions. In light of the forgoing, application of the "clean hands" doctrine undoubtedly prevents Breland from seeking equitable relief under §105. Nonetheless, the Court will further analyze the factors generally considered in evaluating if a stay would otherwise be appropriate.

<u>Factors To Consider In Determining If A Stay Of Proceedings Is Warranted</u>

As this Court has noted in its 2017 Opinion, the granting of a motion to stay pending appeal is an "exceptional response granted only upon a showing of four factors: 1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." (Doc. 768 at 2-3)(citing, *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)). The movant, who has the burden of proof, must show satisfactory evidence on all four criteria and the failure to satisfy one element is fatal to the motion. *Id.* (citing *In re Bilzerian,* 264 B.R. 726, 729 (Bankr. M.D. Fla. June 28, 2001)).

*Movant has not established a likelihood of success on appeal.*

The standard for a likelihood of success on the merits is "a substantial or strong case on appeal." *Id.* (citing, *In re Holman,* 2017 WL 3025929, at 3 (Bankr. D. Kan. July 14, 2017)). It is not enough that the likelihood is "better than negligible" or a mere "possibility;" it must be substantial. *Id.* "If the moving party is unable to show a substantial likelihood of success on the merits, [the court] need not consider the other requirements." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011).

The Debtor asserts that since the Eleventh Circuit has determined that the he has suffered an injury sufficient to establish standing, a stay of the proceedings is warranted. However, the Debtor has still not articulated why he believes his prospect of success is strong or substantial. The mere determination of standing is not synonymous with a substantial likelihood of success on the merits. When this Court previously considered the Debtor's Initial Motion to Stay, it recognized that although the Debtor's income is property of the estate under applicable law, the surplus nature of this particular case obviates the need to use the Debtor's post-petition income to repay creditors. This has not changed.

Further, the language of the Eleventh Circuit's Opinion does not support the Debtor's contention that he has a substantial likelihood of success. *In re Charles K. Breland, Jr.*, Case No.19-14321, March 10, 2021. To the contrary, a reading of the Opinion reveals the Eleventh Circuit's skepticism of Debtor's constitutional arguments. Perhaps even more telling was the Court's explanation of its inability to "forge ahead" and address the merits of Breland's claim because if they were "to range beyond the jurisdictional issue here and reject Breland's claim on the merits, [they] would, in effect, be directing a dismissal with prejudice-and thereby altering the district court's judgment." *Id.* at 7-8. The Debtor failed to establish that he has a likelihood of

success on appeal, much less a substantial likelihood of success on appeal. Simply put, the debtor has failed to carry his burden.

Despite this Court's determination that the Debtor has not demonstrated a likelihood of success on appeal and the fact that failure to establish even one factor favoring a stay is sufficient to warrant denial of a stay, the Court will proceed to analyze the additional factors hereinafter for the benefit of the parties.

*The Court is not convinced Movant will suffer irreparable harm.*

The Debtor argues that he continues to suffer a constitutional injury and a stay of these proceedings is necessary to prevent further injury pending a merits determination. Debtor's counsel indicated at the hearing that he is seeking the stay to maintain the status quo and that there be no disclosure statement, plan, sales or settlement discussions without Debtor's consent. This argument is not new and fails yet again.

"An injury is 'irreparable' only if it cannot be undone through monetary remedies.... Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *In re McIntyre Building Co.*, 2011 WL 1434691 at 6 (Bankr. M.D. Ala. April 14, 2011)(citing *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir.1987) (quoting *Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974))). Moreover, "[t]he irreparable harm must be neither remote nor speculative, but actual and imminent." *Id.* (quoting *In re Lickman,* 301 B.R. at 748 (internal quotations omitted) (citation omitted)).

The Debtor has not put forth sufficient evidence to establish that he will suffer actual, imminent irreparable injury if a stay is not granted. The Court has made it clear that the Trustee owes a fiduciary duty to both the Estate and the Debtor in this instance due to the anticipated

surplus nature of this case. As this Court has noted previously, staying the proceedings or requiring the Trustee to obtain Debtor's approval in the exercise of his duties would allow the Debtor to usurp this Court's authority and render the Trustee's appointment moot. (Doc. 768 at 4).

Further, the Congressional authority and statutory obligation of this Court to oversee the Trustee's management of Debtor's estate serves to protect the Debtor's interest in the estate administration. This Court recognizes the importance of balancing the equities and applying relevant law in approving or disapproving any estate transaction proposed by the Trustee and does not take such obligation lightly. Such is evidenced by the stringent evaluation and denial of the Trustee's prior Motions to Compromise and Sell wherein fair consideration and weight was afforded to the Debtor's interest. (see docs. 903, 1727,1806). Therefore, the Court is confident that it has and can continue to evaluate matters coming before it to ensure the Debtor's interest is appropriately protected. Consequently, the Debtor has failed to prove how he will be irreparably harmed by the Trustee's actions given the due process safeguards afforded by the Bankruptcy Code and United States Constitution. *See e.g.,* 11 U.S.C. §§ 363, 1109(b); Fed. R. Bankr. P. 9014, 7004; U.S.Const. amend. XIV, § 1; *Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306, 314 (1950).

*Staying the Proceedings Will Likely Result In Harm to Creditors*

Prolonging this matter further would be prejudicial to Creditors. The Debtor has not shown that adverse parties will not be substantially harmed by entry of a stay at this juncture. This Court noted in its 2017 Order denying the Prior Motion to Stay that before the Trustee was appointed: (1) the case had ground to a halt; (2) the Debtor as debtor-in-possession was behaving elusively and (3) the Debtor failed to comply with the Court's orders. (Doc. 768 ). This case has now been pending for nearly five years during which time, substantial progress has been made on a multitude

of complex issues. Additionally, a surplus administration is now even more likely and the Court expects that a disclosure statement and plan can be proposed in the near future to pay all creditors in full. Moreover, the Trustee has acknowledged that estate income from the CKB Meneola LLC, which has heretofore been used to pay the Debtor's living expenses and stipend as well as administrative fees and costs will soon cease. Thereafter, it is likely that such expenses will soon start depleting other estate resources. Consequently, delaying the administration at this juncture would prove detrimental to Creditors which have already been forestalled in their collection efforts for years with little to no payment on their claims.

*The public interest would be disserved by a stay.*

The 2017 Order noted that the timely and efficient administration of bankruptcy estates serves the public interest and held that the extraordinary remedy of instituting a stay was not warranted under the circumstances at such time. (Doc. 768 at 5). Such finding is even more applicable at this stage in the proceeding wherein in the Court's view, this matter has progressed to the point where formulation and filing of a plan and disclosure statement should be possible within in the next 90 days. Therefore, the Court concludes that a stay would interpose unnecessary delay and disserve the public interest of ensuring the orderly administration of bankruptcy proceedings.

## CONCLUSION

Based on the forgoing analysis and given that neither the law nor the facts support the relief requested, this Court finds that the Debtor's Motion to Stay is due to be and hereby is DENIED.

Dated: May 24, 2021

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE